MoIlvaine, J.
We think the judgments of the court of common pleas were right, and the district court erred in reversing them.
The second section of the act of May 9,1868 (Swan & Saylor, 194), under which the defendant in error was incorporated, provides, “Such corporation shall be authorized and empowered to levy, assess, and collect from its members such sums of money, by rates of stated dues, fines, interest on loans advanced, and premiums bid by members or depositors for the right of precedence in taking loans, as the corporation by its by-laws shall adopt.” And in the same section it is provided, “ That no person shall hold more than twenty shares in any such corporation in his own right.”
It is true, that the by-law of this association limits its stock *356 to fifteen hundred shares of the par value of $200 each, “of which no person shall be entitled to hold more than twenty-unredeemed shares,” thereby, by implication, authorizing one person to hold more than twenty shares, provided those in excess of twenty be such as are denominated “ redeemed shares.” If such be the meaning of this by-law, it is void, in so far as it conflicts with the provision of the statute above quoted which limits the ownership of every member in his own right to twenty shares, whether they be such as the by-laws of this association denominate redeemed or unredeemed shai’es.
While it cannot be doubted that the defendant in error was empowered to levy, assess and collect stated dues from Simpson on account of each share of his stock, and make an advanced loan on his shares by way of a provision for their redemption, and to contract for and collect interest on the money advanced, and to impose reasonable fines for the violation of its rules in respect thereto, we think'it is equally clear, that the power of the corporation to make rules, and contract with its members in relation to their stock is limited to such shares as they may lawfully hold, and all contracts as well as by-laws in relation to shares in excess of that number are ultra vires and void.
The number of shares owned by Simpson in his own right and embraced in the contracts in suit is one hundred and two, eighty-two of which he' obtained from the association directly, and twenty by purchase from other members. The association assumed to redeem all these shares in advance by the payment of such sums of money, together with the premiums bid for. preference, as equalled the par value of all the shares, and took these contracts from Simpson, with sureties, to secure the payment of interest on the moneys advanced, and all stated dues and fines on account of said shares, until the final winding-up of the corporation. These contracts, therefore, in so far as they relate to eighty-two shares, the number in excess of all shares which Simpson could lawfully hold, are most clearly 'uli/ra vires and void ; and to that extent, at least, no action can be maintained to enforce them.
Upon this view of the case, the court of common pleas *357 having found that all claims of the association in respect to the original twenty shares owned by Simpson had been fully paid, the judgment that no recovery could be had in this action and on these contracts, for any delinquency on account of the eighty-two shares held in' violation of the compauy’s charter, should have been affirmed by the district court.
The doctrine (discussed by counsel), that a corporation cannot enforce by action a special contract entered into by it in excess of its corporate powers, although fully performed on its part, as held in the leading case of the Bank of Chilicothe v. Swayne, 8 Ohio, 257, has been so repeatedly approved by this court in subsequent, cases, that we do not deem it advisable to» enter again upon its consideration. This doctrine must be regarded as settled in this state.
It has been claimed in argument that there is no limitation in its charter upon the amount of money which it may loan to a member or depositor. This proposition we have not considered, as the case before us is not upon a mere loan of money; but is based upon dealings between the corporation and one of its members in respect to stock owned by him in excess of the amount limited to a member by the statute under which the company was organized.

Judgment of the district court reversed and that of the common pleas affirmed.